UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL LEE MOREAU,

    Petitioner,

v.

M.E. SPEARMAN,

    Respondent.

No. 2:17-cv-2439 KJN P

ORDER

I. Introduction

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    On the first page of his petition, petitioner claims his petition is "for a stay on writ of certiorari, while issues not on appeal are revisited at superior court and state appeal." (ECF No. 1 at 1.) Petitioner states that all grounds in his fourth claim were not raised because "trial counsel refused to listen to" plaintiff, and his appellate counsel "would not take these matters in." (ECF No. 1 at 5.) It appears petitioner seeks a stay of this action pending the filing of his petition for writ of certiorari in the United States Supreme Court, as well as a stay to file an amended writ of

1

habeas corpus in this court while he exhausts new claims in the state courts. Petitioner affirmatively states he had no petition or appeal pending in any court at the time he filed the instant petition. (ECF No. 1 at 5.)

As discussed below, petitioner's motion for stay is denied without prejudice.

II. Background

Petitioner was convicted on May 16, 2016, and sentenced to twelve years in state prison.

On June 13, 2017, his conviction was affirmed by the California Court of Appeal, Third Appellate District.

On August 16, 2017, his petition for review was denied by the California Supreme Court.

On November 15, 2017, the instant petition was placed in the hands of prison staff for mailing. (ECF No. 1 at 7.)

III. Writ of Certiorari

Petitioner had ninety days from August 16, 2017, to file a petition for writ of certiorari with the U.S. Supreme Court. See Sup. Ct. R. 13. Thus, the deadline for filing a petition for writ of certiorari expired on November 14, 2017. Under the mailbox rule,[1] petitioner constructively filed the instant petition on November 15, 2017, the day after the deadline to file the petition for writ of certiorari expired. Because petitioner stated no petition was pending at the time he filed the instant petition, it appears that unless petitioner filed his petition for writ of certiorari on or before November 14, 2017, his deadline to do so has now expired. Thus, petitioner's request to stay this action pending the filing of a petition for writ of certiorari after November 15, 2017, is denied.

IV. Exhaustion of State Court Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may

---

[1] See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C.

2

not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

Here, petitioner concedes that he has not yet exhausted some portion of his fourth claim for relief. But he fails to specifically identify which ineffective assistance of counsel claims are not yet exhausted in state court. In any event, petitioner concedes that his fourth claim includes unexhausted claims; therefore, the petition is a "mixed petition," containing both exhausted and unexhausted claims.

////

---

§ 2254(b)(2).

3

V. Motion for Stay

Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).[3]

Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds

---

[3] A second procedure for staying mixed petitions, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one year statute of limitations. See King, 564 F.3d at 1140-41.

4

support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

The conclusory statements included in the instant petition are insufficient to demonstrate petitioner is entitled to a stay under Rhines. In order to obtain a stay of this action, petitioner must file a motion for stay that identifies the type of stay he seeks, and support the motion by addressing all three of the Rhines elements set forth above. Because the instant petition is a mixed petition, it must be dismissed unless petitioner is granted a stay under Rhines v. Weber, 544 U.S. 269 (2005).

VI. Conclusion

Petitioner's request for stay is factually unsupported as required under Rhines. Thus, petitioner's request for stay is denied, and he is granted thirty days in which to file a motion for stay under Rhines, if he so chooses. By this order, the undersigned makes no ruling as to whether or not a motion for stay would be granted.[4]

---

[4] Petitioner should not delay the exhaustion of any claims in state court. A one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis). Moreover, "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

If petitioner fails to file a motion for stay, he will be required to file an amended petition including only unexhausted claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for a stay (ECF No. 1) is denied without prejudice; and

2. Petitioner is granted thirty days in which to file a motion for stay.

Dated: December 14, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/more2439.sty

---

Finally, if petitioner exhausts any claim during the pendency of this action, petitioner may seek leave to amend his petition at that time to include such newly-exhausted claims. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition).